IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY W. YOUNG, III,	)<br>	Plaintiff,	)<br>	)<br>	vs.	)<br>	)<br>MICHAEL J. ASTRUE, Commissioner of	)<br>Social Security,	)<br>	Defendant.	) | Civil Action No. 09-1496<br>Chief U.S. Mag. Judge Amy Reynolds Hay |

**MEMORANDUM OPINION**

HAY, Chief Magistrate Judge

Plaintiff, Harry W. Young ("Young" or "the claimant"), brought this action under 42 U.S.C. § 405(g), seeking review of the Social Security Commissioner's final decision disallowing his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 - 433. Cross-motions for summary judgment are presently before the Court. For the reasons that follow, the Commissioner's motion will be granted and the claimant's motion denied.

**Background**

The claimant filed an application for DIB benefits on September 7, 2005, alleging an onset date of January 1, 2004, due to emphysema, chronic obstructive pulmonary disease ("COPD"), asthma, hepatitis C, fibromyalgia, arthritis and liver damage (Tr. 70). His claims were initially denied on May 3, 2006, and on July 26, 2006, the claimant filed an untimely written request for a hearing before an administrative law judge ("ALJ") (Tr. 18, 37-41). Having found that good cause had been established for the late filing, a hearing was scheduled for August 13, 2007, at 9:00 a.m. in Johnstown, Pennsylvania (Tr. 18). The claimant, however, failed to appear at the scheduled time, contending that he was unable to locate the Johnstown hearing office, and on August 16, 2007, the claimant and his counsel, who had appeared at the

hearing, were sent a Notice to Show Cause for Failure to Appear (Tr. 12, 18). Although the claimant responded in a letter dated August 23, 2007, the ALJ found that he had failed to establish good cause for his failure to appear and issued a decision based solely on the documentary evidence of record (Tr. 12, 18-19). In that decision, issued on October 22, 2007, the ALJ found that the claimant was not disabled as defined under the Act (Tr. 18-26). The Appeals Council denied the claimant's request for review on September 22, 2009, making the ALJ's decision the final decision of the Commissioner (Tr. 6-9). See 20 C.F.R. §§ 404.981.

**The ALJ's Decision**

The ALJ utilized the familiar five-step evaluation process articulated at 20 C.F.R. § 404.1520(a)(4) to determine disability eligibility and concluded that the claimant was not disabled at the fourth step, finding that he was capable of performing the requirements of his past relevant work as a plumber.[1] Specifically, the ALJ found that, although the claimant had not engaged in substantial gainful activity since alleging disability on January 1, 2004, and that his cervical and lumbar disc disease and osteoarthritis of his right shoulder were properly considered "severe," his impairments did not meet or medically equal a listed impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 21-23). As well, having considered the claimant's symptoms and subjective complaints, the objective medical evidence and opinion evidence as well as the claimant's work record and self-reported activities of daily living, the ALJ determined

---

[1] The five step analysis requires the Commissioner to consider, in sequence, the following: (1) If the claimant is performing substantial gainful work, he is not disabled; (2) If the claimant is not performing substantial gainful work, his impairment(s) must be "severe" before he can be found to be disabled; (3) If the claimant is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry; (4) If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled; (5) Even if the claimant's impairment or impairments prevent him from performing his past work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

that the claimant retained the residual functional capacity ("RFC") to perform work at the medium exertional level (Tr. 23-26).[2] Accordingly, the ALJ concluded that the claimant was not under a disability at any time from January 1, 2004, the alleged onset date, through December 31, 2004, the date last insured (Tr. 26). See 20 C.F.R. § 404.1520(g).

**Standard of Review**

In reviewing the administrative determination by the Commissioner, the question before the court is whether the Commissioner's decision is supported by substantial evidence. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Id., quoting Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Where the ALJ's findings are supported by substantial evidence, the court is bound by those findings, even if it would have decided the factual inquiry differently. Id.

**Discussion**

Young initially argues that the ALJ's determination that he failed to establish good cause for failing to appear at the hearing was an abuse of discretion since "injustices may have resulted" from the ALJ's reliance solely on his medical records. Pl. Brief, p. 11. Young, however, does not suggest what those injustices may have been or discuss in what manner the documentary evidence relied upon by the ALJ may have been misinterpreted absent his testimony or what his testimony would have added to the record. Nor has Young addressed the factors used to determine whether good cause exists or cited to any authority which would support a finding that the ALJ abused his discretion under the circumstances.[3] See 20 C.F.R. §§ 404.911(a)(b), 404.957(b)(2). Indeed, establishing good cause for failing to attend a scheduled hearing largely

---

[2] RFC refers to what a claimant is able to do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

[3] In fact, the claimant has not cited any authority at all.

3

revolves around whether the claimant or the claimant's representative received proper notification of the hearing or was otherwise prevented from attending the hearing -- neither of which has been alleged much less demonstrated by Young (Tr. 12).[4] Id. See HALLEX §§ I-2-4-25B, I-2-0-60.[5] Rather, Young merely contends that he was given faulty directions and was unable to locate the hearing office (Tr. 12). He reported no traffic problems or car trouble, did not indicate when he left his residence, what route he took, whether he tried to telephone counsel, or why he did not leave earlier or take steps to travel with his representative if he did not know how to get to the hearing office. Morever, as noted by the ALJ, Young is a high school graduate who, in his previous employment as a self-employed plumber, was required to locate customers' homes. See 20 C.F.R. 404.957(b)(2) (In determining whether good cause exists for failing to appear at a scheduled hearing, the ALJ is to consider "any physical, mental, educational, or linguistic limitations" that the claimant may have). Under these circumstances, it cannot be said that the ALJ abused his discretion in finding that Young failed to show good cause for failing to appear at the scheduled hearing or by issuing his decision based on the documentary evidence of record. See HALLEX § I-2-4-25 D.1.

To the extent that Young suggests that the ALJ's failure to find that he had established good cause denied him the opportunity to be heard in violation of his right to due

---

[4] In fact, the record establishes that Young was sent notice of the hearing date and location almost six weeks before the scheduled date and was advised that, absent good cause, his failure to appear could result in the ALJ dismissing his request for a hearing (Tr. 28).

[5] As pointed out by the Commissioner, HALLEX is the Hearings, Appeals and Litigation Law Manual used by the agency that provides procedural guidance in adjudicating claims at the hearing, appeals council and civil action levels. See http://www.ssa.gov/OP_Home/hallex/hallex.html. The ALJ followed the procedures set forth therein where a claimant's representative appears at the hearing but the claimant does not by sending the claimant and his representative a Notice to Show Cause (Tr. 18). Although, as previously noted, Young responded to the Notice, the ALJ found he had not shown good cause for failing to appear and, thus, in accordance with HALLEX, determined that Young had constructively waived his right to appear (Tr. 12, 18-19). See HALLEX I-2-4-25D.

process, his claim fails as well. Although it is well established that "[b]oth the Social Security Act and basic principles of due process 'require that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits can be denied,'" Young does not dispute that he received notice of the hearing and, thus, had the opportunity to be heard. Brunner v. Astrue, 2008 WL 4372726, at *5 (W.D. Pa. Sept. 23, 2008), quoting Stoner v. Secretary of HHS, 837 F.2d 759, 760-61 (6th Cir. 1988). See 42 U.S.C. § 405(b). Moreover, the Court of Appeals for the Third Circuit has found that "remand is warranted only if the ALJ's failure to hold a hearing prejudiced [the claimant]." Biswas v. Commissioner of Social Sec., 2007 WL 580523, at *1 (3d Cir. Feb. 26, 2007), citing Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981). Here, Young has failed to demonstrate how he has been prejudiced or otherwise shown that his presence or any testimony he may have given at a hearing would have altered the ALJ's decision.[6]

Young also argues that the ALJ erred by finding his that his subjective complaints of pain were not entirely credible.

Although the ALJ is required to consider a claimant's subjective complaints, it is within his or her discretion to reject those complaints when not supported by the medical evidence. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). See 20 C.F.R. § 404.1529. A claimant's allegations alone will not establish that he is disabled. 20 C.F.R. § 404.1529(a). In considering the claimant's subjective complaints, the ALJ is required to first determine whether

---

[6]Although Young has also asserted that the ALJ erred in concluding that he was a non-essential witness, the Court declines to address the issue. Not only has Young again failed to cited to any authority or presented any meaningful argument to support his position, but the ALJ's comment, which appears to be nothing more than an afterthought, does not alter the fact that the ALJ properly found that Young had failed to establish good cause to reconvene the hearing whether or not he was an essential witness. More importantly, however, although also cited by the ALJ, the language in HALLEX requiring the ALJ to determine whether a claimant who fails to appear for a hearing is an "essential witness" was omitted from § I-1-2-4-25 of HALLEX in 2005 and, thus, is irrelevant to the instant case. See Culp v. Astrue, 2008 WL 2620381, at *5 (C.D. Cal. June 30, 2008).

5

there is objective evidence of a medically determinable impairment that could reasonably be expected to produce the claimant's pain or other symptoms. If such evidence exists, the ALJ must then evaluate the intensity and persistence of the pain and other symptoms to determine the extent to which they affect the claimant's ability to do basic work activity. 20 C.F.R. § 404.1529(b)-(c). See Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

In the instant case, the ALJ fully considered Young's subjective complaints in accordance with the regulations and found that, although his medically determinable impairments could reasonably be expected to produce some of his alleged symptoms, Young's statements concerning intensity, persistence and limiting effects were not entirely credible based on the other evidence of record (Tr. 23-25). Indeed, as found by the ALJ with respect to Young's complaints of emphysema, COPD and asthma, a pulmonary function study performed in August of 2002 revealed evidence of only mild obstructive ventilatory defect with significant post bronchodilator improvements; a chest x-ray taken in September of 2004 showed only mild emphysema changes and clear lungs; and a physical exam performed in December of 2004, revealed clear breathing sounds with no wheezing or crackling and no frank cyanosis, clubbing or marked edema of the extremities (Tr. 21, 193, 210, 279). In addition, a pulmonary function test performed in May of 2006, showed that Young had only mild obstructive and restrictive ventilatory defects and that he obtained FVC and FEV1 values of 76% and 72% respectively, of predicted normal values despite the fact that Young's effort during testing was noted as being "poor to negative" (Tr. 22, 361).

With respect to Young's claims of hepatitis C and cirrhosis, the ALJ pointed out that a CT scan of the abdomen performed in May of 2002, revealed no abnormalities of the liver, spleen, stomach, pancreas, extra hepatic biliary tree, abdominal aorta, kidneys or adrenal glands and a physical examination conducted in December of 2004 by Dr. Samuel I. Hammerman, M.D.

6

at Pulmonary Critical Care Associates, showed a soft, nontender abdomen with no masses or organomegaly (Tr. 22, 129, 279). As well, Dr. Balu B. Shetty, a gastroenterologist, reported in May of 2006, that Young's physical examination was unremarkable and that he had no physical, postural or environmental restrictions at all (Tr. 298-300). The ALJ also noted that the record was devoid of any evidence of trigger/tender points or other signs of neurological dysfunction due to fibromyalgia or any evidence that Young required any aggressive medical treatment for any of these conditions at any time on or prior to his last date insured (Tr. 22, 168).

In addition, notwithstanding Young's history of cervical and lumbar disc disease and osteoarthritis of the right shoulder, the ALJ pointed out that a physical examination in November of 2003 showed that Young had normal range of motion of extremities with no motor or sensory deficits and only slight lumbar tenderness with no muscle spasms (Tr. 23, 138-47). Moreover, long after Young's date last insured, a physical exam revealed 4+/5 strength in all major muscle groups of the upper extremities bilateral with intact sensation to light touch and symmetric deep tendon reflexes in the biceps and triceps bilaterally (Tr. 23, 396-98). The ALJ also noted that the record was devoid of any medical evidence to support Young's subjective complaints including the absence of any significant disuse muscle atrophy of the extremities on physical examination, suggesting that Young moved around on a fairly regular basis, and that there was no evidence of muscle spasms, motor or sensory loss, reflex abnormality, reduced range of motion of the spine or extremities or a gait disturbance (Tr. 24).

To the extent that Young claims that side effects from his medications contribute to his inability to work, the ALJ took note of the fact that Young had not reported any side effects from the medications he was taking and that the record was lacking any evidence that would suggest his medications were ineffective, that Young had been prescribed other pain or treatment modalities such as a Tens Unit, back brace, bed board, cervical collar, wrist splints or an

7

ambulation assistive device, or that he required any aggressive medical treatment or surgical intervention (Tr. 22, 25). See Burns v. Barnhart, 312 F.3d 113, 130-31 (3d Cir. 2002) (finding that the lack of complaints to treating physician regarding side effects of medication coupled with the consulting physician's failure to notice drowsiness was sufficient to support ALJ's finding that complaints of side effects was less than credible). In fact, as pointed out by the Commissioner, Dr. Robert M. Fetchero, D.O., Young's family practitioner, noted in November of 2004, that Young reported feeling better and less fatigued after being placed on Cipro and Singular (Tr. 168).

The ALJ also cited to the fact that although Young reported that he experiences shoulder, arm and hand pain, that he is unable to perform any lifting or carrying, and cannot sit, stand or walk for long periods of time (Tr. 24, 79-86), he also reported that he was able to care for the majority of his personal needs independently, care for four pets, drive, play video games with his son, fix simple meals, and grocery shop carrying two bags at one time (Tr. 80-82).

This evidence, in the Court's view, amply supports the ALJ's findings that Young's complaints of debilitating pain associated with his various conditions were not entirely credible. See Welch v. Heckler, 808 F.2d 264, 270 (3d Cir. 1986) (finding that a claimant's pain may be constant and uncomfortable and yet not disabling).

Young nevertheless again complains that the ALJ did not have the benefit of his testimony to assess the intensity, persistence and limiting effects of his pain and argues that the record nevertheless establishes that his subjective complaints of pain are corroborated by competent medical evidence. The Court is unpersuaded. Young has not only failed to suggest what testimony he would have offered at the hearing or how it may have affected the outcome of the case but he has utterly failed to point to any evidence of record, much less competent medical evidence, that corroborates his subjective complaints of pain or contradicts that relied upon by

8

the ALJ. Indeed, Young's own recitation of the medical evidence during the relevant time frame does not provide evidence of debilitating pain. See Pl. Brief, pp. 4-5.

Young also complains that the ALJ erred in concluding that his COPD, emphysema, sinusitis, fibromyalgia and hepatitis C were not severe impairments.

An impairment is considered severe under the Act if it significantly limits a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. § 404.1520(c). See Moody v. Barnhart, 114 Fed. Appx. 495, 497 n.1 (3d Cir. 2004). Moreover, it is the claimant's burden to demonstrate that his or her impairment is so limiting. Rutherford v. Barnhart, 399 F.3d 546, 551 (3d Cir. 2005).

The evidence of record previously discussed regarding Young's COPD, emphysema, sinusitis, fibromyalgia and hepatitis C not only undermines his credibility but falls short of establishing that any one of these impairments significantly limits his ability to perform basic work activities. The pulmonary function study performed after the date last insured showed that, despite exhibiting poor effort, Young was not significantly impaired (Tr. 361). Although Dr. Fetchero diagnosed Young with hepatitis C, there is no objective evidence of any limitation associated with this diagnosis prior to Young's date last insured (Tr. 168). Similarly, the record is lacking any objective evidence to support Dr. Fetchero's diagnosis of fibromyalgia and contains no reference to any resulting limitations (Tr. 168).

Notably, Young has not pointed to any evidence of record that would support a contrary conclusion but merely states that he was diagnosed with, and treated for, these impairments and then concludes that they "would have more than a minimal impact on his ability to sustain the requirements of competitive employment." Pl. Brief, p. 13. The fact that Young may suffer from these impairments, however, is not the equivalent of demonstrating that they are severe impairments within the meaning of the Act. See Petition of Sullivan, 904 F.2d 826, 845

9

(3d Cir. 1990) (the disability inquiry does not end with the mere diagnosis of an impairment; rather a showing must be made that the impairment is severe and would preclude gainful activity). Accordingly, the ALJ's determination that Young's fibromyalgia, hepatitis C, and breathing impairments were not severe impairments is supported by substantial evidence.

Finally, Young alleges that the ALJ erred by failing to analyze and consider his mental impairments in rendering his decision. Interestingly, Young does not discuss his mental impairments either nor has he pointed to any evidence that speaks to those impairments. Rather, Young merely states that his medical records indicate that he suffered from, and was treated for, depression, anxiety, panic disorder, loss of concentration and memory problems and that the ALJ was aware of his mental health issues. Pl. Brief, p. 13. As previously discussed, however, merely having an impairment does not in and of itself suggest that the impairment is severe or that it limits his ability to work and, notably, Young has made no such argument. See Petition of Sullivan, 904 F.2d at 845. Indeed, review of the record demonstrates that, between Young's onset date and the date last insured, there are no references whatsoever regarding his mental health in his treating physician's progress notes (Tr. 168-171).[7]

It is also noteworthy that when asked to list the illnesses or conditions that limit his ability to work in his disability application, Young did not mention any mental impairments or otherwise indicate that such impairments contributed to his inability to engage in gainful activity (Tr. 70). Because Young did not claim he was disabled because of a mental impairment it follows that the ALJ would not address those impairments. See Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004) (finding that the ALJ need not address every piece of relevant

---

[7] Although the Commissioner has cited to a six-letter notation ("Dep/anx,") made by Dr. Fetchero in his progress notes as being the only reference to Young's mental health during the relevant time frame, even that notation is included in Dr. Fletchero's notes dated June 9, 2005, which was after Young's last date insured (Tr. 168). See Def. Brief, p. 19.

10

evidence included in the record and that her failure to mention the x-rays showing degeneration of the claimant's spine was of no moment where the evidence did not support that the spinal condition shown in the x-rays was responsible for the disabling pain complained of or caused any functional limitations that affected the claimant's ability to work). As such, the Court is unable to conclude that the ALJ erred by not doing so.

**Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that the claimant's motion for summary judgment (ECF. No 10) is DENIED, defendant's motion for summary judgment (ECF No. 12) is GRANTED, and that the decision of the Commissioner is affirmed.

/s/ Amy Reynolds Hay  
Chief United States Magistrate Judge

Dated: 21 July, 2010

cc: All counsel of record by Notice of Electronic Filing

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| HARRY W. YOUNG, III, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-1496 |
| | ) | Chief U.S. Mag. Judge Amy Reynolds Hay |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| Defendant. | ) | |

ORDER

And now, this 21st day of July, 2010, IT IS HEREBY ORDERED that final judgment of this Court is entered in favor of the defendant and against the plaintiff pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the plaintiff desires to appeal this Order, he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed.R.APP.P.

By the Court,

/s/ Amy Reynolds Hay
Chief United States Magistrate Judge

cc: All counsel of record by Notice of Electronic Filing